CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 4 2017

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JESSE HAMPTON HEISSERMAN,** | ) | **CASE NO. 7:17CV00213** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | **By: Hon. Glen E. Conrad** |
| **DIRECTOR,** | ) | **United States District Judge** |
| **Respondent.** | ) | |

Jesse Hampton Heisserman, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the calculations of his pre-conviction jail time credit and good-time credit. Respondent filed a motion to dismiss, and Heisserman failed to respond, making the matter ripe for disposition. After review of the record, the court concludes that the petition must be dismissed.

## I. Background[1]

On August 16, 2012, Heisserman raped a minor under the age of thirteen in Augusta County, Virginia. The following month, law enforcement officers in Charles County, Maryland arrested Heisserman and placed him in federal custody. The United States Attorney proceeded against Heisserman under 18 U.S.C. § 2422(b). On October 22, 2012, the Commonwealth filed charges as well, but, on January 23, 2013, the Circuit Court of Augusta County entered an order granting the Commonwealth's motion to nolle prosequi them.

The Commonwealth reindicted Heisserman on October 28, 2013, served a capias on him on October 31, and the United States dismissed its charge. Heisserman was released on bond on the Commonwealth's charges on February 25, 2014.

---

[1] The facts are taken from Heisserman's state habeas record. Heisserman v. Clarke, No. CL15001328-00, slip op. at 1-2 (Va. Cir. Ct. May 18, 2016).

Previously, federal authorities had held Heisserman in pretrial detention from September 16, 2012, through October 30, 2013. The Commonwealth took custody of Heisserman on October 31, 2013.

On October 1, 2014, following acceptance of an Alford[2] plea, the August County Circuit Court convicted Heisserman under Va. Code § 18.2-61 and, by order of October 3, 2014, sentenced him to a term of 56 years with 40 years suspended. On November 3, 2014, Heisserman became state responsible, and the Legal Services Section of VDOC calculated the credit he had earned in local correctional facilities prior to his convictions—a total of 141 days.[3]

## II.    Current Petition

On May 10, 2017, Heisserman filed a timely § 2254 petition, raising two claims:

1. The VDOC failed to give him pre-conviction jail-time credit in violation of the Fifth and Fourteenth Amendments; and

2. The VDOC failed to give him good-time credit from September 16, 2012 to February 23, 2014.

This matter is now before the court on Respondent's motion to dismiss. Heisserman has properly exhausted his claims in state court.

## III.    Standard of Review

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[2] Alford v. North Carolina, 400 U.S. 25, 38 (1970) ("In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it."

[3] Heisserman spent October 31, 2013 to January 23, 2014 at the Central Virginia Regional Jail. He was also held from January 23, 2014 to February 11, 2014; February 20, 2014 to February 25, 2014; and October 1, 2014 to November 3, 2014 at the Middle River Regional Jail.

Under 28 U.S.C. § 2254(d), however, a federal court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

(1) [R]esulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

or

(2) [R]esulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists' could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 66, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## IV.    Discussion

In Virginia, "[a]ny person who is sentenced to a term of confinement in a correctional facility shall have deducted from any such term all time actually spent by the person . . . in a state or local correctional facility awaiting trial." Va. Code § 53.1-187. However, although "'the right to credit for jail time awaiting trial on a bailable offense and pending appeal is . . . a right constitutionally mandated,' there is no constitutional requirement to credit pretrial detention on separate, dismissed or nolle prossed charges." Wallace v. Jarvis, 726 F. Supp. 2d 642, 647 (W.D. Va. 2010) (quoting Durkin v. Davis, 538 F.2d 1037, 1039 (4th Cir. 1976)) (citation

3

removed).[4]  "A logical, commonsense reading [of Va. Code § 53.1-187] supports the interpretation that this section applies to time spent in pretrial detention on charges that result in conviction." Id. (emphasis added).

In Claim 1, Heisserman alleges that the VDOC should give him pre-conviction jail-time credit from September 16, 2012 through October 30, 2013. During that time period, Heisserman was in federal custody pursuant to a federal charge under 18 U.S.C. § 2422(b).

On habeas review, the circuit court discussed Heisserman's predicament at length:

As in Wallace, Heisserman's indictments stemmed from charges of different jurisdictions.  The fact that he served pretrial time on the nolle prosequi[ed] federal charges makes no difference with respect to his later state conviction.

Heisserman argues that his case is distinguishable from Wallace because, in Wallace, the two sets of charges were not related. That is certainly true, but in Heisserman's case, the charges brought by the Commonwealth on which he was held prior to October 31, 2013, are legally unrelated to the charges of which he was convicted by order of October 3, 2014.  To be sure[,] he was charged under the same Code Section before and after October 31, 2013, and he was charged for the same conduct, but the earlier charges simply evaporated when the order of nolle prosequi was entered.  See Arnold v. Commonwealth, 18 Va. App. 218, 222 (1994) ("When the trial court enters a nolle prosequi of an indictment, it lays 'to rest that indictment and the underlying warrant without disposition, as though they had never existed.'").

Heisserman insists that this Court should draw a distinction because the federal and state charges stem from the same underlying offense (and that the charges for which he was convicted by the Commonwealth were identical to the earlier Commonwealth charges which were nolle prosequi[ed], thereby triggering concerns of double jeopardy.  That argument fails on two bases.

First, the doctrine of dual sovereignty alone dismisses this concern as it relates to the corresponding charges of the United States and the Commonwealth.

When a defendant in a single act violates the "peace and dignity" of two sovereigns by breaking the laws of each, he has committed two distinct "offences." United States v. Lanza, 260 U.S. 377, 382 (1922). As the Court explained in Moore v. Illinois, 14 How. 13, 19 (1852), "[a]n offence, in its legal signification, means the transgression of law." Consequently, when the same act

---

[4] The Tazewell County Circuit Court revoked Wallace's suspended sentence after Wallace was indicted on new charges in Russell County. The new charges were later nolle prossed, but the suspended sentence remained revoked. He then attempted to get the VDOC to credit him for the time spent in jail awaiting trial on the Russell County charges. The district court held that he was not entitled to any sentence credit for the time he spent in pretrial detention on the nolle prossed charges.

4

transgresses the laws of two sovereigns, "it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for each of which he is justly punishable." Id. at 20.

Heath v. Alabama, 474 U.S. 82, 88 (1985).

Second, the federal charge was not the same as the charge by the Commonwealth. It is true that there is a common basic element (the rape of a minor), but there are elements of the federal charge which are not required to prove the Commonwealth's charge. For example, the Commonwealth cares not whether the offense occurred by means of interstate commerce. More importantly, the federal crime is complete if all of the elements are met with respect to any minor; a necessary component of the Commonwealth's charge is that the offense involves a child under the age of 13 years. Hence, a defendant could be found guilty of the federal charge (by raping a 17 year old), but that would be entirely insufficient for a finding of guilt on the Commonwealth's charge, which applies only to a minor younger than 13 years . . .

The only Commonwealth cases pending during the time that Heisserman was incarcerated during the period from September 16, 2012, through October 30, 2013, were ended by orders of nolle prosequi. The Court could not give him credit for time served on those charges because (a) those orders were not final orders (they did not address the charges on the merits in any way), (b) they did not result in any conviction, and, hence, (c) they were not orders in which the Court could provide that a "person [Heisserman] so convicted be given credit for time" served. They merely ended the cases without any further action.

If the Court were to accept Heisserman's position, VDOC would be required to apply any and all pretrial detention time served, no matter the basis or final disposition, to a defendant's sentence. This is not what the statute demands. Charges that are subsequently nolle prosequi[ed] become a legal nullity. No rights are taken from the defendant as a result of such charges, nor are any given. See Burfoot v. Commonwealth, 23 Va. App. 38, 44 (1996) (quoting Arnold v. Commonwealth, 18 Va. App. 218, 222).

Heisserman, No. CL15001328-00, slip op. at 3-4. The state court's adjudication was not contrary to, or an unreasonable interpretation of, federal law, or an unreasonable determination of the facts; however, the court will also directly address Heisserman's arguments.

First, despite Heisserman attempts to distinguish Wallace, Heisserman cannot demonstrate that he has a constitutional right to receive jail-time credit for the time spent in federal pretrial detention on nolle prossed charges. The circumstances in Wallace and in

5

Heisserman's case are functionally the same; and neither the Constitution nor federal law entitle him to any sentence credit on the nolle prossed charge.

Second, Heisserman claims that the VDOC's refusal to credit him with the time he spent in federal pretrial detention violates the Double Jeopardy Clause because, although the federal and state governments are separate sovereigns and the crimes that he was charged with are distinct, "the evidence that was used . . . was one and the same." Pet. 17. However, as the Augusta County Circuit Court explained, the state and federal governments are separate and distinct sovereigns under Heath. Thus, any "single act" that violates both sovereign's laws, has committed two distinct offenses.[5]

Third, Heisserman alleges that his federal pretrial detention time should be credited to his state sentence because several West Virginia cases held that time spent in pretrial detention on state charges should apply to the aggregate sentence of state convictions. See State v. Eilola, 704 S.E.2d 698, 709 (W. Va. 2010) (Jail-time credit applied to the "total effective sentence, not separately to each component of the sentence."); State v. Scott, 585 S.E.2d 1 (W. Va. 2003), State v. McClain, 561 S.E.2d 783 (W. Va. 2002), and State v. Hersman, 242 S.E.2d 559 (W. Va. 1978). These cases are not binding precedent, and none have any application to Heisserman's claims.

Next, Heisserman argues that he was "not truly nolle prossed from his charges!" because (1) Va. Code § 53.1-187 makes no mention of nolle prosequi, and (2) he never had his "liberty restored." Pet. 13, ECF No. 1. At the threshold, Heisserman is correct that § 53.1-187 does not

---

[5] As part of his argument, Heisserman also cites several federal cases regarding the interaction of state and federal sentences under 18 U.S.C. § 3585. However, he was never convicted of a federal crime; § 3585 is inapplicable. See United States v. Malta, 81 Fed. App'x 246, 249 (9th Cir. 2003) (holding that when federal incarceration is credited against a state sentence, a prisoner is ineligible for credit for time served under § 3585); Tisdale v. Menifee, 166 F. Supp. 2d 789 (S.D.N.Y. 2001) (prisoner that already received state credit for time served under a federal detainer cannot receive the same credit toward a federal sentence under § 3585).

6

specifically mention nolle prossed charges; instead, § 53.1-187 only offers sentence credit for time spent in a state or local correctional facility that results in a conviction. Section 53.1-187 is not applicable to time spent in federal pretrial detention, whether or not the federal indictment is eventually nolle prossed. Further, Heisserman's "restoration of liberty" occurred when the federal charge was dropped and he was released to state authorities.

Lastly, Heisserman alleges that he is entitled to jail-time credit because the pretrial detention on the nolle prossed federal charge created so-called "dead time." However, the seminal "dead time" case contemplates a "debtor's prison" scenario. See United States v. Gaines, 449 F.2d 143 (2d Cir. 1971).[6] Pretrial detention credit under Gaines requires: (1) a conviction by one sovereign, (2) indictment and pretrial detention on a bailable offense by another sovereign, (3) an inability to pay bail, and (4) the second sovereign nolle prossing its charges.

Further, although Gaines only contemplated federal sentence credit for nolle prossed state charges, the Fourth Circuit also recognizes state sentence credit for nolle prossed federal charges. Ange v. Paderick, 521 F.2d 1066, 1068 (4th Cir. 1975) ("The situation [in Gaines] is reversed here but the analogy seems clear. To deny the petitioner credit for the time spent in pretrial federal custody, after sentence on the state offense, because of his inability to provide bail on his

---

[6] First, a federal district court convicted Gaines of a narcotics violation. While out on bail pending federal sentencing, state authorities arrested him. He appeared before the federal court for sentencing pursuant to a writ of habeas corpus ad prosequendum, and was returned to state authorities. After several months in state custody, the state dismissed the charges based on new evidence. Gaines filed a 28 U.S.C. § 2255 petition to correct his sentence and credit him with the time spent in state custody after bail had been set. The appellate court held that:

> Gaines should be credited with the time spent in custody after the state court had set bail. Gaines was unable to enter into federal custody after bail was set . . . solely because he lacked sufficient funds to post bond in the state court which held him in custody . . . a man should not be kept imprisoned solely because of his lack of wealth. If Gaines had had the money to post the state bond . . . and had then entered federal custody, he would now be eligible for his conditional release. Gaines' lack of wealth has resulted in his having to serve a sentence that a richer man would not have had to serve, an impermissible discrimination . . . .

Gaines, 449 F.2d at 144.

federal charge . . . would be to force him to serve a greater state sentence because of his indigency.")

Unfortunately for Heisserman, he cannot rely on Gaines and Ange to receive credit for his time spent in federal pretrial detention because an inability to pay bail on his nolle prossed federal charge did not hinder service of his state sentence. Instead, the United States Attorney nolle prossed Heisserman's federal charge before his state conviction.

In Claim 2, Heisserman asserts that the VDOC improperly calculated his good-time credits. On habeas review, the Augusta County Circuit Court held:

> As in Wallace, VDOC submitted the affidavit of Kelly G. Smilek (Smilek), a time computation auditor with the agency's Court & Legal Services Section. In her affidavit, Smilek states that Heisserman could not receive good time credit for the time period from September 16, 2012, to October 30, 2013, because he was only being detained as a federal inmate—not on the charges that resulted in the October 1, 2014, state conviction . . . Again, Heisserman served time while in federal custody pertaining to a federal charge. The different sovereigns and lack of conviction and the different charges preclude any accumulation of good time credits. See Va. Code [] § 53.1-187.

Heisserman, No. CL15001328-00, slip op. at 5. The court agrees with the state court's analysis. Since Heisserman is not entitled to any credit for the time he spent in federal pretrial detention, he cannot receive good-time credits from September 16, 2012 to October 30, 2013. Therefore, the state court's ruling was not contrary to, or an unreasonable application of, federal law, or an unreasonable determination of facts.

8

## V.    Conclusion

For the reasons stated, the court will grant the motion to dismiss. All claims are without merit. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Heisserman and to counsel of record for Respondent.

ENTER: This _4th_ day of December, 2017.

_____
United States District Judge